FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 10, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARAH L.,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL SECURITY<br><br>    Defendant. | No. 1:19-CV-03191-JTR<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

      **BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 16. Attorney D. James Tree represents Sarah L. (Plaintiff); Special Assistant United States Attorney Benjamin Groebner represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on July 26, 2013, alleging disability since January 16, 2012, due to anxiety, thyroid problems, right wrist pain, obesity, learning disability, swollen feet, and depression. Tr. 124-25. The applications were denied initially and upon reconsideration. Tr. 226-34, 238-49. Administrative Law Judge (ALJ) Wayne Araki held a hearing on August 18, 2015, Tr. 38-82, and issued an unfavorable decision on November 4, 2015, Tr. 193-207. Plaintiff requested review by the Appeals Council. Tr. 301-03. The Appeals Council granted the request for review, and remanded the claim for further proceedings on February 8, 2017. Tr. 214-18.

Judge Araki held a remand hearing on May 15, 2018, Tr. 83-121, and issued a second unfavorable decision on September 26, 2018, Tr. 13-27. Plaintiff again requested review by the Appeals Council. Tr. 382-85.  The Appeals Council denied Plaintiff's request for review on June 17, 2019. Tr. 1-5. The ALJ's September 2018 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on August 15, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1982 and was 29 years old as of her alleged onset date. Tr. 26. She completed high school at the age of 20 with special education services. Tr. 494, 631, 986. Her work history has consisted primarily of grocery bagging and retail stocking and checking. Tr. 42-48. She has alleged an inability to work due to a combination of mental impairments, including limited literacy and depression and anxiety following the death of her mother, and physical impairments, including shortness of breath, back pain, and swelling in her legs. Tr. 62, 67-72, 430.

///

///

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the

claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On September 26, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 16, 2012. Tr. 15.

At step two, the ALJ determined Plaintiff had the following severe impairments: depressive disorder, borderline intellectual functioning, learning disorder, muscle/soft tissue disorder, left hip degenerative joint disease, right knee osteoarthritis, obesity, and chronic obstructive pulmonary disease. Tr. 16.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 17-20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform sedentary exertion level work with the following limitations:

> The claimant can lift/carry up to ten pounds occasionally and less than ten pounds frequently. She can stand or walk for 15-minute intervals for up to two hours in an eight-hour workday, and can sit for two-hour intervals for up to eight hours total per day. The claimant can frequently climb ramps and stairs and can never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can occasionally reach overhead. She cannot

work at exposed heights or operate heavy equipment, otherwise she should have no more than occasional exposure to hazards. The claimant can remember, understand, and carry out instructions and tasks generally required by occupations with an SVP rating of 1-2. There should be no reading as part of the training or during performance of the job tasks. She can also adjust to work setting changes generally associated with occupations with an SVP rating of 1-2. The claimant is limited to occasional exposure to atmospheric conditions. Job duties should not require handling of money such as would be required by a cashier. Once job tasks are learned, the claimant is able to complete work tasks with supervision typically found in occupations with an SVP of 1-2. The claimant is limited to occasional, superficial interaction with the public and occasional interaction with coworkers and supervisors.

Tr. 20.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a bagger or laundry worker. Tr. 25.

At step five the ALJ found, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of bench hand, table worker, and masker. Tr. 26.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 27.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) failing to find Plaintiff's conditions met Listing 12.05B; (2) improperly rejecting Plaintiff's symptom testimony; and (3) improperly rejecting medical opinion evidence.

work at exposed heights or operate heavy equipment, otherwise she should have no more than occasional exposure to hazards. The claimant can remember, understand, and carry out instructions and tasks generally required by occupations with an SVP rating of 1-2. There should be no reading as part of the training or during performance of the job tasks. She can also adjust to work setting changes generally associated with occupations with an SVP rating of 1-2. The claimant is limited to occasional exposure to atmospheric conditions. Job duties should not require handling of money such as would be required by a cashier. Once job tasks are learned, the claimant is able to complete work tasks with supervision typically found in occupations with an SVP of 1-2. The claimant is limited to occasional, superficial interaction with the public and occasional interaction with coworkers and supervisors.

Tr. 20.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a bagger or laundry worker. Tr. 25.

At step five the ALJ found, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of bench hand, table worker, and masker. Tr. 26.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 27.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) failing to find Plaintiff's conditions met Listing 12.05B; (2) improperly rejecting Plaintiff's symptom testimony; and (3) improperly rejecting medical opinion evidence.

# DISCUSSION

## 1. Medical Opinion Evidence

Plaintiff asserts the ALJ improperly evaluated the medical opinion evidence by offering insufficient reasons for rejecting Dr. Haloman and Ms. Hardisen and by failing to reevaluate a number of medical opinions that were rejected in the first unfavorable decision. ECF No. 14 at 17-19.

### a. Dr. Haloman

When an examining physician's opinion is contradicted by another physician, the ALJ is required to provide "specific and legitimate reasons" to reject the opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Plaintiff underwent a consultative psychological exam with Dr. Elsa Haloman in September 2013. Tr. 630-36. Dr. Haloman diagnosed Plaintiff with learning disorder, adjustment disorder with depressed mood, history of substance abuse, borderline intellectual functioning, obesity, and seizures. Tr. 634. She opined Plaintiff was generally able to perform simple, routine tasks, could interact appropriately with others and accept instructions, and was able to maintain regular attendance and complete a regular workweek without interruptions from a psychiatric condition. Tr. 635. However, she opined Plaintiff was not able to perform work activities on a consistent basis without special or additional instructions, and that she would need very simple and clear tasks and likely need a higher level of supervision. *Id.*

1    In the first unfavorable decision in 2015, the ALJ failed to address the most restrictive limitations, which prompted the Appeals Council to remand the claim for further proceedings. Tr. 216-17. On remand, the ALJ gave the majority of the opinion some weight, but gave little weight to the opinion that Plaintiff would be unable to perform on a consistent basis without special or additional instruction and would likely need a higher level of supervision. Tr. 23. The ALJ found this portion of the opinion to be unexplained and inconsistent with the other portions of the opinion finding Plaintiff capable of performing simple work tasks and maintaining regular attendance. Tr. 23-24.

Plaintiff argues that no inconsistency is present and further asserts the ALJ is incorrect that Dr. Haloman did not cite a basis for her opinion. ECF No. 14 at 17-18. Defendant argues the ALJ reasonably interpreted the opinion as internally inconsistent and lacking in sufficient explanation. ECF No. 16 at 17-18.

The Court finds the ALJ's discussion to be unsupported by substantial evidence. The ALJ reasoned Dr. Haloman "did not cite a basis for these limitations or explain how her examination findings support these limitations." Tr. 23. The ALJ additionally stated "her examination findings indicate that the claimant was able to follow the instructions and perform mental status examination tasks without additional instruction." Both of these statements fail to take into account Dr. Haloman's statement that her recommendation for special or additional instruction was "based on her need for lots of promptings and multiple explanations of instructions during this assessment." Tr. 635. The ALJ cited to two pages of Dr. Haloman's report for his assertion that Plaintiff was able to perform mental status exam tasks without additional instruction; however the two cited pages contain no such indication. Tr. 633-34. The mental status exam results reported by Dr. Haloman do not indicate one way or the other how well Plaintiff responded to directions. The only such comment is in the medical source statement portion of the exam report where Dr. Haloman stated Plaintiff needed lots of promptings and

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 7

multiple explanations of instructions. The ALJ's rationale is therefore not supported by substantial evidence.

The ALJ further found Dr. Haloman's assessed limitations to be internally contradictory. Tr. 23-24. The Court does not find the ALJ's rationale to be a reasonable interpretation of the exam report. There is no internal inconsistency between an individual's ability to maintain regular attendance at work without psychiatric interruptions and being able to perform work activities consistently without additional special supervision. Being present at work and being capable of performing simple tasks do not equate with performing work tasks consistently. The assessed limitations address different work-related functions.

On remand, the ALJ will reconsider Dr. Haloman's opinion in connection with the entire medical record.

**b. Ms. Hardisen**

An ALJ may discount the opinion of an "other source," such as a nurse practitioner, if he provides "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

In August 2017, Plaintiff's treating ARNP Mary Alice Hardisen completed a medical source statement regarding Plaintiff's limitations. Tr. 1374-75. She noted Plaintiff's impairments to include seizures, carpal tunnel syndrome, and lumbar radiculopathy. Tr. 1374. She opined Plaintiff needed to lie down several times per day due to back pain and that if she were working full-time, she would likely miss four or more days of work per month. Tr. 1374-75.

The ALJ gave this opinion little weight, finding Ms. Hardisen did not provide any objective basis for the opinion or explain how Plaintiff's alleged symptoms would force her to miss work. Tr. 24. The ALJ further found the record failed to support the extent of the limitations, and that the opinion was inconsistent with Plaintiff's ability to work as a babysitter at times. *Id.*

1     Plaintiff argues the opinion is supported by the objective evidence, including
2 Plaintiff's positive Tinel's signs, and her well-documented morbid obesity. ECF
3 No. 14 at 18-19. Plaintiff further argues that her babysitting activity is not
4 inconsistent with this opinion, as she testified she called out sick many days,
5 consistent with Ms. Hardisen's opinion. *Id.* Finally, Plaintiff argues the ALJ
6 ignored the fact that Ms. Hardisen commented Plaintiff's condition would worsen
7 with full time work. *Id.* Defendant asserts the ALJ reasonably found the opinion
8 inconsistent with the objective evidence, and argues the opinion is lacking in
9 explanation as to how positive Tinel's signs equates to needing to lie down or miss
10 work. ECF No. 16 at 18-20.
11    The Court finds the ALJ's explanation is germane and supported by
12 substantial evidence. Ms. Hardisen offered very little explanation for the assessed
13 limitations and did not indicate any relevant objective evidence in support of
14 Plaintiff's alleged back pain and need to recline throughout the day. Tr. 1374.
15 While Plaintiff points to evidence of her obesity as support for the limitations, the
16 ALJ's reading of the report as lacking in explanation is a reasonable interpretation.
17 "If the evidence can reasonably support either affirming or reversing a decision, we
18 may not substitute our judgment for that of the Commissioner." *Lingenfelter v.*
19 *Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).
20    However, because this claim is being remanded for reconsideration of other
21 evidence, the ALJ shall consider the entire record when completing the five-step
22 sequential evaluation process.
23    **c. Other opinion evidence**
24    Plaintiff argues the ALJ erred in adopting and incorporating findings from
25 the first unfavorable decision regarding a number of medical opinions. ECF No. 14
26 at 17. Plaintiff faults the ALJ for failing to make reference to the updated medical
27 record or consider how new evidence may have impacted the analysis of the older
28 opinions. *Id.* Defendant points out that each of the opinions was discounted based

on inconsistency with their own findings and other medical opinion evidence. ECF No. 16 at 14-17. Defendant further argues Plaintiff failed to identify any specific subsequent evidence that undercuts the ALJ's original analysis. *Id.*

The Court finds Plaintiff has not briefed this issue with sufficient specificity to find the ALJ erred. The court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in a party's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994).

However, because this claim is being remanded for reconsideration of other evidence, the ALJ shall consider the entire record when completing the five-step sequential evaluation process, providing rationale for the weight assigned to each opinion.

**2.    Step three**

Plaintiff argues the ALJ erred in making inadequate step three findings. Specifically, she asserts the evidence supports finding Plaintiff's conditions meet the severity of Listing 12.05B for intellectual disorder. ECF No. 14 at 11-13.

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a condition meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 404.1520(d).

Listing 12.05B is met when the individual has a full-scale IQ of 70 or below and significant deficits in adaptive functioning manifested by an extreme limitation of one or marked limitation of two of the "paragraph B" criteria, and the evidence supports the conclusion that the disorder began prior to the claimant's attainment of age 22. 20 C.F.R. Part 404, Subpart P, Appendix 1, §12.05B.

The ALJ found Plaintiff's conditions did not meet or equal any listed impairment. Tr. 17-20. He found Plaintiff had no more than moderate limitations in any of the Paragraph B areas of functioning, and found Plaintiff did not have reliable IQ testing in the necessary range to meet Listing 12.05B. Tr. 18-20, 199.

Plaintiff argues the ALJ improperly rejected the IQ testing from 2001 that found she had a full-scale IQ under 70. ECF No. 14 at 11-12. She further argues that opinion evidence supports a finding of marked and extreme limitations in the Paragraph B criteria, and that the ALJ failed to address these opinions in the step three discussion. *Id.* at 12. Defendant argues that the ALJ made findings on the Paragraph B criteria that are supported by substantial evidence and reasonably found the 2001 IQ testing to be an outlier negated by other testing in the record finding Plaintiff's IQ to be higher than listing-level. ECF No. 16 at 2-8.

The Court finds the ALJ did not err. The ALJ extensively discussed the various IQ scores in the record, and offered a reasonable explanation for finding the 2001 testing to be an outlier, specifically noting other testing that was substantially higher and noting Plaintiff's admitted drug use at the time the 2001 testing was conducted. Tr. 20, 199. Listing 12.00 notes that while IQ scores are generally presumed to be an accurate reflection of an individual's intellectual functioning, other evidence in the record can suggest otherwise, including other inconsistent IQ scores. Listing 12.00H.2.d. While Plaintiff offers an alternative interpretation of the record, she does not indicate why the ALJ's interpretation was not reasonable.

Furthermore, Plaintiff offers no specific argument in favor of finding marked or extreme limitations in the Paragraph B criteria. ECF No. 14 at 12. She merely asserts the various opinion evidence supports listing-level impairment, but does not specify which of the Paragraph B criteria she is arguing are satisfied. *Id.* The Court finds the ALJ offered a reasonable explanation for his findings on each of the criteria, and that his decision is supported by substantial evidence. Tr. 18.

1           Therefore, the ALJ did not err in finding Plaintiff's impairments did not
2   meet or equal Listing 12.05B. However, as this claim is being remanded for a new
3   hearing and decision on the merits by a new ALJ, the ALJ will make findings
4   regarding each of the steps of the sequential evaluation process, including Step
5   Three.

### 3.      Plaintiff's subjective statements

Plaintiff contends the ALJ erred by improperly rejecting her subjective statements. ECF No. 14 at 13-15.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could possibly produce the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 21. The ALJ found Plaintiff's allegations to be unsupported by the objective medical evidence, noted her mental impairments had improved and stabilized, and found her alleged limitations to be inconsistent with demonstrated activities such as

1  babysitting and exercising. Tr. 21-23. The ALJ also adopted by reference the
2  rationale from his first decision in 2015, in which he noted normal objective
3  findings, Plaintiff's ability to tend to her self-care, conflicting IQ testing and
4  evidence regarding Plaintiff's past work, and relatively normal mental status exam
5  findings. Tr. 200-02

6        Plaintiff argues the ALJ failed to acknowledge substantial evidence
7  supporting her allegations of needing to lie down and elevate her legs to treat
8  swelling and did not adequately consider the complicating element of Plaintiff's
9  obesity when assessing her subjective statements. ECF No. 14 at 13-15. Plaintiff
10 further argues the ALJ improperly used Plaintiff's minimal daily activities against
11 her, despite the record showing no conflicts between her activities and her
12 allegations. *Id.* Defendant argues the ALJ identified objective medical evidence
13 that was unsupportive of Plaintiff's alleged impairments and reasonably interpreted
14 Plaintiff's activities as inconsistent with her allegations. ECF No. 16 at 8-14.
15 Defendant also argues the ALJ reasonably identified inconsistent statements in the
16 record that undermined the reliability of Plaintiff's reports. *Id.*

17       A claimant's daily activities may support an adverse credibility finding if the
18 activities contradict her other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir.
19 2007). The ALJ reasonably interpreted Plaintiff's near full-time work activity and
20 regular exercise, along with her relatively normal household and self-care as
21 inconsistent with her allegations of needing to recline and elevate her legs for
22 much of the day. Tr. 22-23, 201-02. ALJs may also consider a claimant's
23 inconsistent statements in assessing the reliability of her reports. *Tonapetyan v.*
24 *Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). The ALJ pointed to Plaintiff's
25 varying reports regarding the end of her prior work activity and the lack of
26 explanation for her deviating reports. Tr. 200-01. Finally, although it cannot serve
27 as the sole ground for rejecting a claimant's symptom statements, an ALJ may
28 consider the extent to which the objective medical evidence supports the severity

of the claimant's allegations. The ALJ reasonably interpreted the objective evidence as failing to support the extent of Plaintiff's allegations. The ALJ therefore did not err in finding Plaintiff's subjective reports to be unreliable.

However, as this claim is being remanded on other bases, the ALJ will issue a new decision and reevaluate Plaintiff's subjective allegations, making specific clear and convincing findings regarding the reliability of those reports.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's RFC determination is not supported by substantial evidence in this case and must be reevaluated. On remand, the ALJ shall reevaluate the medical evidence and Plaintiff's subjective complaints and make new findings on each of the five steps in the sequential process, taking into consideration any other evidence or testimony relevant to Plaintiff's disability claim. According to Agency policy, the claim will be assigned to a different ALJ.  *See* SSA Hearing, Appeals, and Litigation Law Manual (HALLEX) I-3-7-40(B), I-2-1-55(D)(5-6).

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

3.    The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.    An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED August 10, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 15